AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
SEAN HEARNS
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 10-20425

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☐ clear and convincing evidence  ☐ a preponderance of the evidence that

SEE ATTACHED

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| January 8, 2013 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# Sean Hearns Order of Detention

Defendant comes before the court having been arrested on a warrant issued by the Honorable George Caram Steeh. Defendant's prior criminal history includes 8 convictions for theft, grand theft involving automobiles, and alcohol.

Defendant was convicted on 3/25/2008 of Possession With Intent to Defraud More Than 15 Access Devices and Fraudulent Use of an Unauthorized Access Device. He was sentenced to 39 months in the custody of the Bureau of Prisons to be served concurrently on each conviction, followed by a three year term of supervised release on both counts to run concurrently.

Judge Steeh presided over a violation hearing on February 9, 2012 and at that hearing Defendant was found guilty of violating multiple conditions of supervision, including open intoxicants and driving with no insurance on a suspended license, failing to report, testing positive for cocaine, failing to pay his restitution, and failing to report to his probation officer. Judge Steeh allowed Defendant to continue on supervised release, but ordered special conditions, with ZERO TOLERANCE for any deviation from the conditions and special conditions of supervised release that he imposed. The special conditions included participation in a substance abuse program for testing to determine if the defendant has reverted to the use of drugs or alcohol, and if so, treatment therefor. The second special condition was the placement of defendant in a halfway house (Renaissance Residential Reentry Center) for a period of 180 days. Drug and alcohol testing, counseling and treatment were ordered, and specifically Judge Steeh ordered that "**the defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision.**"

Defendant's supervising officer petitions the court today and submits that Defendant has violated multiple conditions of his supervised release. She maintains that Defendant has violated Standard Condition #1, specifically that "the Defendant shall not commit another Federal, State or Local Crime". In support she argues that on December 15, 2012 Defendant was arrested, along with his girlfriend, following a domestic situation in Harper Woods, for Resisting and Obstructing and failed to make any mention of this arrest to his supervising officer. A pretrial hearing is set for January 16, 2013.

On December 28, 2012, Defendant was again arrested for Resisting and Obstructing and Disorderly conduct by the Southfield Police, pursuant to a domestic violence incident. He was too intoxicated to be arraigned the same day, so he was detained and appeared before a magistrate on Saturday, December 29, 2012 and bond was set at $5000. He posted bond on

December 31, 2012 and was released. His next court date is January 10, 2013.

Defendant met with his probation officer on November 5, 2012. He tested positive for synthetic

marijuana but denied the use of any illicit drugs until he was confronted with the laboratory findings. He then explained that he started using synthetic marijuana in the halfway house and kept using it, thinking he would not get caught. This is the basis for the supervising officer's allegation that Defendant violated Standard Condition #8: "Defendant shall refrain from the excessive use of alcohol...or other controlled substances..." At the conclusion of the November 5 meeting the officer scheduled a follow up home visit for November 15, 2012. Defendant admitted to intentionally leaving the home and turning his phone off on November 15, 2012, when his supervising officer traveled to meet with him there pursuant to their pre-arranged scheduled home visit.

Defendant is also alleged to have violated Standard Condition #12 which reads: "Defendant shall notify the probation officer within 72 hours of being arrested or questioned by law enforcement". Defendant never reported either of the two above described law enforcement contacts, his two arrests, his $5000 bond, or his upcoming court dates to his supervising officer.

In accordance with the special conditions ordered by Judge Steeh, Defendant has been a patient at Eastwood Clinic and has been tested, evaluated and counseled for substance abuse. He claims that he now needs specific treatment for alcohol abuse. The Court agrees, but does not accept his argument that his sessions and treatment at Eastwood Clinic have been directed towards his cocaine use to the exclusion of his alcohol abuse. Substance abuse treatment is what has been offered to him at the Eastwood Clinic and substance abuse treatment is what he has been receiving there. Yet notwithstanding his participation, he does not seem to be able to function alcohol-free or drug-free on his own. His alcohol abuse is what got him arrested both times in December 2012, and it clearly impairs his judgment and renders him incapable functioning in his day to day life, and/or complying with court orders and conditions of supervision.

Defendant requests a bond and indicates that his mother will allow him to live with her at her home. This Court agrees with the supervising officer that Defendant should be detained prior to his appearance before Judge Steeh on January 15, 2013.

This Court believes that Defendant's alcohol addiction and other addiction issues prevent him from being capable of complying with conditions of bond. He is a danger to himself and others, and he has clearly violated Judge Steeh's "NO TOLERANCE" order regarding illegal drugs and abuse of alcohol since his conditions of bond were extended on February 9, 2012. He is not sufficiently motivated to seriously address his substance abuse/addiction issues, and to give him a bond at this juncture would not serve the Defendant, society, or this Court well.

It is believed that Defendant is a danger to himself and others, and this belief is supported by clear and convincing evidence. It is also believed that he may not appear for his hearing on January 15, 2013 before Judge Steeh, inasmuch as his use of alcohol impairs him to the point of extreme irresponsibility in his behaviors. He has not been compliant in the past with his supervising probation officer and he has not adhered to Judge Steeh's "zero tolerance" conditions and orders; there is no reason to believe that he will be compliant at this point.

Therefore Detention is Ordered.